Stephen Acunto, Appellant, v. Schmidt-Dauber Co., Inc.,
Respondent.

First Department, December 14, 1923.

**Sales — action by buyer to recover damages for breach of contract to
manufacture and sell pianos — damages — proof by plaintiff that pianos
of same type and quality could not be purchased in market — rule
that damage is difference between contract and market price not
applicable — plaintiff should have been permitted to prove loss of
profits — error to dismiss complaint at close of plaintiff's case.**

In an action by a buyer to recover damages for a breach of contract to manu-
facture and deliver pianos of a particular make, the rule that the damages are
to be ascertained by the difference between the contract price and the market
price of pianos of the same type was not applicable where the plaintiff proved
that pianos of the same type and quality which the defendant contracted to
sell to him could not be purchased in the market. The plaintiff should have
been permitted to prove as his damages the loss of profits which would have
accrued to him had the contract been carried out by the defendant.

It was error, therefore, for the court to dismiss the complaint at the close of the
plaintiff's case, since there was a question of fact as to what damages plaintiff
suffered because of defendant's breach of its contract.

Dowling, J., dissents.

Appeal by the plaintiff, Stephen Acunto, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 30th day of June,
1922, upon the dismissal of the complaint at the close of the
plaintiff's case.

*Boardman Wright* [*Michael J. Joyce* with him on the brief], for
the appellant.

*Greenbaum, Wolff & Ernst* [*Lawrence S. Greenbaum* of counsel;
*Jonas J. Shapiro* with him on the brief], for the respondent.

McAvoy, J.:

It is a doctrine of the law, so firmly established that it would be
useless now to question it, that mere uncertainty of the amount
of damage does not prevent its award, if a breach of an agreement
has brought about a loss. (*Wakeman* v. *Wheeler & Wilson Mfg.
Co.*, 101 N. Y. 205; *Delafield* v. *Armsby Co.*, 131 App. Div. 582.)
Hence, where both breach and some ascertainable damage is found,
the law's ideal of redress for injury ought to be sought within a
proper adherence to fundamental legal principles.

The contract here was to deliver fifty mahogany pianos at the
rate of two or more a week at specified prices for two different
grades known as " Standard " and " Auto de Luxe." After five
pianos had been delivered and paid for under the contract terms,

the defendant ceased performance and refused to make further deliveries. Although there is a claim in the answer that a strike of defendant's operatives was in progress, and that plaintiff because of this waived deliveries under the contract, no proof was had upon this assertion, as the complaint was dismissed, on plaintiff's proof, for failure to show damages according to the common rule of difference between the contracted payments and the purchase price of pianos of this type in the current market for this sort of article. If there were a market in which pianos of the style and quality of the ones sold were customarily offered for purchase, none could gainsay the application of the rule. There was, however, competent proof here which placed the articles contracted for within a category which exempts the buyer, whose contract is unfulfilled, from the application of the doctrine of the rule.

The exceptions are stated by Mr. Justice McLAUGHLIN in *Atlas Portland Cement Co.* v. *Hopper* (116 App. Div. 445, 449) as follows: " * * * This rule, however, is subject to exceptions when special damages may be recovered: (1) Where the article purchased is of a peculiar make or for a particular purpose, having either no market value or a value much greater to the purchaser than to the public generally; and (2) where the contract unfulfilled was to deliver goods which the seller knows are the subject of an agreement by his purchaser under the terms of which the latter must deliver these goods, for which he is to obtain an advance price. * * * "

The evidence which tended to prove that there was no market for pianos of this type and grade, and that they were of a peculiar make, was such as warranted, if it were believed, these findings by the jury: That the plaintiff had been buying similar pianos from the defendant for over a year, and had built up a reputation among his customers because of their quality; that there was a difference in quality between defendant's pianos and others, the defendant's being of a higher quality; that plaintiff's customers would notice the difference between defendant's pianos and those of other makers; that the plaintiff, after repeatedly urging the defendant to carry out its contract, went to other dealers in an effort to buy pianos, and found that there were none on the market; that plaintiff then went to the defendant and asked where he could buy pianos of the same quality as the defendant's, and was told that it knew of no place where he could buy them; that the defendant's officer at that time told the plaintiff that it was not carrying out the contract, because it could make more money by selling its pianos at retail.

It is true that there is testimony to the effect that the pianos

were not sold under the defendant's trade name, nor with any distinguishing mark which indicated their manufacture by defendant's factory; and that plaintiff had his own plate put upon the instruments by defendant, containing the legend " Vittoria; " and that this might be done on other makers' pianos in similar fashion; but he testified that the Schmidt-Dauber piano was of a superior tone quality, and that the player action which he might have procured elsewhere was not the criterion of difference in quality.

The foregoing *résumé* of the proof as it stood when the complaint was dismissed, we believe, brings the plaintiff's cause within the exception to the common rule which allows proof, other than difference between contract and market price, where there is not a market for the particular commodity, and gives plaintiff the right to recover for the loss of profits which would have accrued to him had the contract been carried out by defendant. (*Ehrenworth* v. *Stuhmer & Co.*, 229 N. Y. 210; *Delafield* v. *Armsby Co., supra.*)

There was a jury question here as to what damages plaintiff suffered because of defendant's breach of its contract, and it was error to dismiss.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., FINCH and MARTIN, JJ., concur; DOWLING, J., dissents.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.